## First Pennsylvania Banking & Trust Co. v. Country Development Co., Inc.

*Albert Blumberg*, for plaintiff.

*Samuel M. Tollen*, for subordinated mortgagee.

SWENEY, P. J., January 5, 1956.—Defendant filed his petition in this matter, praying that the sheriff be directed to sell certain real estate at public sale as follows: (1) To sell lots 4, 5, 6, 8, 9, 20 and 22 on the plan of lots of Over and Tingley in Haverford Township, this county, in proceedings as of the above number and term, and (2) then to sell lots 3 to 36, inclusive, but excluding the lots sold first, in proceedings under September term, 1955, no. 1478.

The facts, briefly stated, are that defendant mortgaged lots 3 to 36, inclusive, to Anna W. Gillingham, on April 13, 1954, who assigned said mortgage on May 26, 1954, to the Central Mortgage Company; on August 4, 1954, defendant mortgaged lots 3 to 18, inclusive, and 20, 21 and 22 to plaintiff herein for the purpose of securing advance money to construct houses on said lots; on October 1, 1954, plaintiff herein and

Central Mortgage Company entered into an agreement entitled "Subordination of Mortgage" which specified, inter alia, as follows:

"Whereas, the parties intend that CENTRAL shall subordinate the lien of its mortgage to the lien of the mortgage of PENNSYLVANIA and to all advances made and which shall hereafter be made thereon;

"NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:

"1. That CENTRAL agrees that the lien of its mortgage shall be and is hereby postponed and subordinated to the lien of the mortgage and the note accompanying the same held by PENNSYLVANIA and to all advances hereafter to be made thereon; and CENTRAL further agrees that PENNSYLVANIA shall have all the rights and benefits to which it would have been entitled had the mortgage of PENNSYLVANIA been executed, delivered and recorded before the mortgage of CENTRAL."

Construction commenced on lots 4, 5, 6, 8, 9, 20 and 22, and on lots 4, 9 and 22 houses were completed and sold and these lots are not part of this sale; to complete construction on the remaining four lots would cost an estimated $7,000 to $10,000 per house; defendant became financially involved, there is a default on both mortgages; plaintiff herein commenced foreclosure on the bond under the above number and term, assessing damages for the total amount of the mortgage, together with interest and attorney's fees; Central commenced foreclosure on their bond as of September term, 1955, no. 1478.

Central contends: (1) That plaintiff herein must assess damages in the amount actually advanced and not for the full face of the mortgage; (2) that plaintiff should foreclose only on the four lots, upon which advances have been made, and (3) that the doctrine

of marshaling of assets shall be made to apply to plaintiff in the present case.

We are agreed that plaintiff may recover only the amount due to them by defendant and, therefore, will order that they file a new assessment of damages before proceeding with the foreclosure; but we find no justification for petitioner's position that plaintiff shall proceed against the four lots only upon which advances were made. Further, we do not see that the doctrine of marshaling of assets applies to this case. And finally, we see no point in selling some of the lots here involved under one execution and some other lots under another.

If plaintiff had taken a mortgage on this land for the purpose of advancing construction money and Central had taken thereafter a purchase money mortgage, there is no question but that plaintiff could have sold out the security under their bond and mortgage and could have recovered the amount due them or would have received a deed for the foreclosed property from the sheriff. The subordination of mortgage agreement places plaintiff in this exact position.

However, it needs no argument to show that plaintiff may not recover at the sale more than is their due.

## Decree

And now, January 5, 1956, it is ordered and decreed that (1) plaintiff, First Pennsylvania Banking and Trust Company, shall file an amended assessment of damages within 10 days from the date of this order, setting forth the exact amount due; (2) the sheriff shall thereafter proceed with the sale of lots, covered by said bond and mortgage, or such of said lots as should properly be sold, without further advertisement, at the public sale to be held January 20, 1956; exceptions are noted for plaintiff and for the Central Mortgage Company.